## Case No. 3,905.

### In re DIGGLES et al.

[8 Ben. 36.][1]

District Court, E. D. New York. Feb., 1875.

BANKRUPTCY—PRACTICE ON PETITION TO SET ASIDE COMPOSITION.

On a petition to set aside a composition, by reason of an alleged payment, on behalf of the bankrupts, to certain creditors, of a greater percentage than was offered under the composition, for the purpose of inducing them to vote for the composition, which allegations were contested, the court ordered the clerk to call a meeting of all the creditors described in the statement produced at the meeting at which the resolution for composition was passed, for the purpose of taking testimony as to the facts alleged, on ten days' notice, to be given as the notice for the first meeting was given, and stating the object of the meeting, the notice to be also served on the debtors, and on the person by whom the payment was alleged to have been made, the petitioners to have the affirmative in putting in such testimony, the clerk to report the testimony to the court, and the matter then to be brought on for hearing on notice, on the petition, affidavits and testimony.

In this case, after a composition offered by the bankrupts [James H. Diggles and Thomas D. Mason] had been confirmed by the court, certain of the creditors presented to the court a petition, accompanied by affidavits, asking to have the composition set aside and vacated, on allegations that, prior to the acceptance of the composition, certain creditors had received from one Nichols, who was acting for the bankrupts, forty cents on the dollar of their claims, and were thereby induced to vote to accept the proposed composition of twenty-five cents on the dollar, and that those facts were unknown at the time to the rest of the creditors. On this petition, an order to show was made, on the return to which affidavits were presented in opposition to the allegations of the petition.

BLATCHFORD. District Judge. In this case let an order be entered reciting the filing of the petition of Marshall P. Wilder and others, and the issuing of the order to show cause thereon, and the hearing on the same, and on the affidavits in support of and in opposition to the same. and referring it to the clerk of this court, to call a meeting before him of all the creditors whose names and addresses and the amounts of the debts due to them are shown in the statement of the debtors produced at the meeting at which the resolution for composition was passed, by a notice of ten days, to be given in the manner set forth in the form of order calling a first meeting for composition, such notice to state that the object of the meeting is to take testimony as to whether the composition of twenty-five cents on the dollar set forth in the resolution passed at a meeting of creditors, held November 9th. 1874. cannot, for any cause set forth in said petition and affidavits,

proceed without injustice or undue delay to the creditors or to the debtors, or ought, for any such cause, to be set aside, for the reason that E. R. Mudge, Sawyer & Co., Wheelwright, Anderson & Co., Converse, Stanton & Davis, and Fitzsimmons, Clark & Co., creditors of said debtors, received from George B. Nichols, prior to the confirmation of said composition by the court, forty cents on the dollar for their claims against said debtors. as an inducement to them to withdraw their opposition to such confirmation, without the knowledge of such fact being communicated to the other creditors, or to the court. prior to such confirmation, and assigned their claims to said Nichols. The order will also provide that such notice shall also be served on said debtors and on said Nichols; that the said clerk shall, at such meeting, take such testimony on the matters aforesaid, as shall be produced by any of the said parties on whom notice is to be served, the said petitioners to have the affirmative in putting in such testimony; and that the clerk shall report such testimony to the court, and the matter shall then be brought on for hearing. on notice, on said petition, affidavits and testimony.